IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LYNNETTE J. MERRICK, | : | |
| | : | 1:12-cv-1878 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| POLICE CHIEF WESLEY A. KAHLEY, *et al.*, | : | Hon. Susan E. Schwab |
| | : | |
| Defendants. | : | |

# MEMORANDUM

## June 3, 2013

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Susan E. Schwab (Doc. 13), filed on May 10, 2013, which recommends that Defendants' Motions to Dismiss (Doc. 4) be granted and that *pro se* Plaintiff Lynnette J. Merrick's ("Plaintiff' or "Merrick") complaint be dismissed. Objections to the R&R were due by May 28, 2013, and to date none have been filed. Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R in its entirety and close this case.

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and

recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn,* 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson,* 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.   DISCUSSION

In July of 2011, Merrick was arrested and charged with various crimes related to thefts from residents at an assisted-living facility where she was employed part-time.[1] Plaintiff alleges that the arresting officers disclosed her arrest and the charges against her to her full-time employer, the Social Security

---

[1] Magistrate Judge Schwab undertook an exhaustive description of the investigation of Merrick's involvement vis-a-vis the thefts at Kelly Manor assisted living facility, thus we shall not repeat the same herein, but rather shall refer the reader to pages 2 through 10 of the R&R, which is attached hereto.

Administration ("SSA"), and as a result of that disclosure she was suspended without pay for more than five months.  On April 12, 2012, all charges against Plaintiff were dismissed by the York County Court of Common Pleas, however Plaintiff was assessed a penalty and costs pursuant to Pa. R. Crim. P. 586.  Plaintiff contends that the Defendants violated the Privacy Act and her right to privacy by disclosing this information to the SSA.  She also asserts claims for malicious prosecution, defamation, and interference with a business relationship.     As noted above, within her thorough and well-reasoned 30-page R&R, Magistrate Judge Schwab recommends that Defendants' Motion to Dismiss be granted. Specifically, the Magistrate Judge correctly determines that Merrick has not stated a cognizable claim against the Privacy Act, 5 U.S.C. § 552A(b), because the Defendants are not federal agencies, thus the Privacy Act does not apply to them. Next, the Magistrate Judge correctly concludes that Plaintiff did not have a constitutionally protected privacy interest in the non-disclosure of the police report and related documents.  *Nunez v. Pachman*, 578 F. 3d 228, 233 (3d Cir. 2009)("criminal records, including police reports, indictments, guilty verdicts, and guilty pleas, are inherently public - not private - documents and are thus beyond the purview of the Due Process Clause.").   Thus, as reasoned by Magistrate Judge Schwab, while Merrick might have hoped and had a subjective expectation that her

arrest would not be disclosed to her employer, the type of documents that Merrick alleges the Defendants disclosed to the SSA are not the type of documents protected by the constitutional right to privacy.

Further, the Magistrate Judge reasons, and we agree, that Plaintiff's malicious prosecution claim is not cognizable because one of the essential elements is lacking - that the criminal proceeding ended in the plaintiff's favor. *See McKenna v. Philadelphia*, 582 F. 3d 447, 461 (3d Cir. 2009). Favorable termination of a criminal proceeding means that the suit must have been terminated in a way that indicates the innocense of the Plaintiff. *See Kossler v. Crisanti*, 564 F. 3d 181, 187 (3d Cir. 2009). Here, while the charges were dismissed against Merrick, they were dismissed pursuant to Pa. R. Crim. P. 586, which predicates dismissal on the payment of a penalty and costs. Thus, the dismissal in the case was *not* indicative of Merrick's innocence, and thus she cannot establish the elements of a malicious prosecution claim.

Finally, the Magistrate Judge recommends that the Defendants' Motion be granted as to the supervisory Defendants as well as the City of York because Plaintiff has not set forth any facts to support a cognizable claim for supervisory or municipal liability. Further, as discussed above, Plaintiff did not have a privacy interest in the documents given to the SSA by the arresting officer Defendants, thus

4

Plaintiff's failure to train claim with respect to these allegations necessarily fails.

As we have already mentioned, the Plaintiff has not filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order shall issue.